IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMMETT BALFOUR, )<br>       Petitioner, )<br>)<br>v. )<br>)<br>THOMAS LILLARD, )<br>       Respondent. )<br>) | Case No.  25-cv-706-RJD |

**ORDER**

**DALY, Magistrate Judge:**[1]

This matter comes before the court on Respondent's Motion to Dismiss Petition as Moot, or in the Alternative, for an Extension of Time to Respond to the Petition.  Doc. 15.  Petitioner Emmett Balfour did not respond.   For the reasons set forth below, the motion is **GRANTED,** and this case is **DISMISSED** without prejudice.

**Discussion**

At the time Balfour filed the petition, on April 24, 2025, he was incarcerated at Federal Correctional Institution in Greenville (FCI Greenville).  He challenged the Bureau of Prisons (BOP) "staff's decision not to restore the 151 days he received for Second Chance Act Placement to a halfway house." Doc. 1, p. 2.  He alleged he was originally projected for 151 Residential Reentry Center (RRC) days, which would have resulted in his RRC placement in late May 2025, but his placement date was changed to September 2025.  *Id.* at 6.

---

[1] This case was assigned to the undersigned for final disposition upon the parties' full consent pursuant to 28 U.S.C. § 636(c).   Doc. 11.

Page **1** of **3**

Respondent represents in the motion that, following the filing of the petition, the BOP determined bedspace was available to provide Balfour his originally projected RRC placement, resulting in Balfour's anticipated placement in an RRC on May 27, 2025. Doc. 15, p. 1. Respondent avers that on May 27, 2025, Petitioner was transferred from FCI Greenville to an RRC within the Chicago Residential Reentry Management Office. *Id.* at 1-2; Doc. 15-1, ¶ 3. Balfour did not respond to the motion or otherwise dispute the Respondent's representations.

"The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). Dismissal is proper when the Court "cannot give the petitioner any effective relief." *Id.* Further, the traditional purpose of a habeas case is to seek "immediate or more speedy release" from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Here, on May 27, 2025, Balfour was transferred from FCI Greenville to an RRC, receiving the relief he had requested. Because Balfour received the relief sought in the petition and does not appear to seek any additional relief, the habeas petition is moot.

## Conclusion

For the above-stated reasons, Respondent's Motion to Dismiss Petition as Moot, or in the Alternative, for an Extension of Time to Respond to the Petition (Doc. 15) is **GRANTED**. This action is **DISMISSED without prejudice** as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: November 4, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**